## Case No. 1,781.

### BRADLEY et al. v. HEALEY.

[Holmes, 451.] [1]

Circuit Court, D. Massachusetts. Jan. Term, 1875.

BANKRUPTCY—SECURED CREDITOR—PETITION FOR SALE OF SECURITY—POSSESSION OF RECEIVERS.

The district court has no jurisdiction of a summary petition by a mortgagee of property of a bankrupt against the assignee in bankruptcy, for sale of the mortgaged property before the bankruptcy proceedings and always since in the possession of, and claimed by, receivers appointed by a state court, not parties to the petition. The title to such property must be settled by regular proceeding at law or in equity.

[Cited in Bowen v. Christian, 16 Fed. 731.]
[See Davis v. Railroad Co., Case No. 3,-648.]

[In equity. Bill by Charles S. Bradley and others against Mark Healey to review orders of district court. Order to take testimony rescinded, and further proceedings on petition for sale stayed.]

J. J. Storrow and John C. Gray, Jr., for complainants.

Curtis & Reed and B. F. Thomas, for defendant.

SHEPLEY, Circuit Judge. This is a bill in equity invoking the exercise of the supervisory power of this court over certain orders of the district court, made on the petition of Mark Healey, praying that the amount of a note held by Healey should be found by the court to be due to him from the bankrupt, the Boston, Hartford, and Erie Railroad Company, and that an estate mortgaged by the bankrupt to secure said note should be sold free of liens, and this debt paid out of the proceeds; and for general relief. The assignees in bankruptcy appeared and answered this petition. They denied the validity of Healey's mortgage, and alleged that a bill in equity, previously commenced, was pending in this court, in which they claim a large sum as due from the petitioner to the bankrupt corporation, and call for an account of his dealings with the corporation. They also allege that the trustees under the Berdell mortgage claim title to the mortgaged premises, and they claim that they ought not to be required to litigate any question concerning said property until all the parties interested in the litigation should be brought before the court. The trustees under the Berdell mortgage also appeared by counsel, without making themselves parties to the proceedings, and claimed an interest in the property in question, and objected to the sale.

It appears, and is admitted, that at the commencement of the proceedings in bankruptcy and at the time of the adjudication, the mortgaged premises were not in po ses-sion of the bankrupt and did not pass into the actual possession of the assignees, but were in possession of receivers appointed by the supreme court of Massachusetts.

Under these circumstances the district court has no jurisdiction to entertain a summary petition against the assignees of the bankrupt for the sale of property not now or ever in the possession of the assignees, but in the possession of parties claiming title and not parties to the petition. It was not the intention of congress to deprive parties claiming property of which they were in possession, of the usual processes of law in defence of their rights. The supreme court, in Smith v. Mason, 14 Wall. [81 U. S.] 419, held that strangers to the proceedings in bankruptcy not served with process, and who have not voluntarily appeared and become parties to such litigation, cannot be compelled to come into court under a petition for a rule to show cause. In Knight v. Cheney [Case No. 7,883], after a most elaborate and exhaustive examination into the extent and limitations of the powers and jurisdiction of the district courts when sitting in bankruptcy on petition, the court decided that the district court does not possess the power to order, in a summary way, the sale of an estate, real or personal, although the same is claimed by the assignee, even though the title to the same is in dispute, if it also appears that the estate in question is in the actual possession of a third person claiming title. See, also, Marshall v. Knox, 16 Wall. [83 U. S.] 556; In re Bonesteel [Case No. 1,627]; In re Casey [Id. 2,495].

It is apparent that, if adverse claims to property could be decided by the summary action of the district court, not only would the party claiming adversely to the assignee be deprived of a trial by due process of law, but he would be without appeal. It is contended on the part of Healey, the petitioner, that the possession of the receivers in this case was the possession of the bankrupt, and that the assignees were constructively in possession of the property at the commencement of the proceedings in bankruptcy. It is claimed, therefore, that the doctrine of the cases in the supreme court does not apply. But the possession of the receivers was, even constructively, only the possession of the bankrupt, or of the trustees under the Berdell mortgage, as the one or the other might make out title to it; and the decree of the state court gave possession to the trustees under the Berdell mortgage. The title of the bankrupt has not been established as against the Berdell mortgage, and cannot be by the district court, as they are not parties to this proceeding. The title to this property cannot be settled in this summary proceeding before the district court, but only by regular proceedings at law or in equity. Under the present petition the district court cannot order a sale of the property free from liens or incumbrances.

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

3FED.CAS.—73

One of the prayers in Healey's petition is, that the court should find the sum named in the note and mortgage to be due to him, the validity of the note and mortgage being disputed by the trustees. The court proceeded to hear testimony as to the validity of the note and mortgage. The assignee subsequently filed a petition setting forth the nature of their claims in set-off against Healey, and alleging that these claims would require an examination into the accounts between Healey and the corporation, and praying that they should not be required to go into evidence as to these matters of set-off.

The district court undoubtedly had jurisdiction to determine in a summary proceeding any controversy of this kind arising between the bankrupt and a creditor who claimed a debt or demand against the bankrupt under the bankruptcy. But inasmuch as the principal object of the petition was to obtain an order for the sale of the mortgaged property, which the court has not jurisdiction to order under this petition; and inasmuch as a bill in equity is now pending between the parties, in which the whole question of the validity of the mortgage and the rights of set-off claimed is at issue; it seems to be an unnecessary and burdensome expense upon all parties, and one without any practical, beneficial result to either party, to take the same testimony and try the same issue in the summary proceeding, which testimony is being taken, and which issue is to be tried, on the bill in equity already pending. The order of the district judge directing the taking of testimony in relation to the validity of the mortgage and set-off is rescinded, and further proceedings on the petition for sale are to be stayed until the further order of this court.